El Pueblo de Puerto Rico, demandante y apelado, *v.* Fabián Declet Maldonado, acusado y apelante.

Núm. 10678.—*Sometido:* Diciembre 18, 1944. *Resuelto:* Mayo 21, 1945.

V. M. Sánchez Fernández, abogado del apelante; R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar, abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

En este caso se imputó al apelante un delito de escalamiento en primer grado consistente en que en la noche del 19 al 20 de marzo de 1943 ilegal, voluntaria y maliciosamente penetró en la residencia de Félix Pérez Villanueva y sustrajo un baúl conteniendo $250 y ropa de hombre.

El perjudicado Félix Pérez Villanueva declaró que en la noche del 19 de marzo de 1943 se le desapareció de su casa un baúl donde guardaba $250 y ropa de hombre; que dió cuenta a la policía; que algunos días después fué traído a su presencia el apelante como supuesto autor del delito; que al principio el apelante negó tener participación en los hechos que se le imputaban, pero que luego fué conducido al cuartel de la policía en Bayamón y, después de haber sido examinado por el cabo de la policía Manuel Laureano Negrón y un guardia, voluntariamente confesó en presencia de la policía y del perjudicado que a las ocho de la noche del 19 de marzo de 1943 penetró en la casa del perjudicado y sustrajo el baúl en cuestión, llevándolo a una pieza de caña donde, auxiliado por una vela y fósforos que llevaba consigo, abrió el baúl y sacó el dinero, dejando allí el baúl y la ropa; que guiados por la información del apelante, fueron a la pieza de caña indicada por él, y allí encontraron el baúl, un pedazo de vela y una caja de fósforos, recuperando el perjudicado una parte del dinero que estaba todavía en poder del acusado. Y en cuanto al resto del dinero, declaró el apelante que lo había empleado en una casa que compró en noventa dólares. El mismo testigo también declaró que él no vió que la policía ejercitase violencia o amenazase al acusado para obtener la confesión.

Otro testigo del fiscal, el cabo de la policía Manuel Laureano Negrón, declaró que la confesión fué voluntaria, y corroboró lo declarado por el perjudicado.

El propio acusado declaró en el juicio que había comprado la casa en cuestión; que Ciriaco Meléndez, vecino suyo con quien dijo no tener amistad, le entregó $160 para que

le comprara una casa, y él compró una en noventa dólares a nombre de dicho vecino, y cuando fué arrestado por la policía todavía tenía en su poder unos setenta dólares que fueron entregados al perjudicado. Admitió haber hecho la confesión, pero declaró que había sido obtenida por la violencia de que había sido objeto por parte de la policía.

El jurado lo declaró culpable, y contra la sentencia que le impuso la corte inferior interpuso el presente recurso, para sostener el cual alega que el *corpus delicti* no fué debidamente probado y que la confesión no fué voluntaria, por haber sido obtenida de él por medio de la violencia.

■ Cuando, como en el presente caso, la única prueba contra el acusado es una confesión extrajudicial, es indispensable para sostener una sentencia contra él, probar (1) el *corpus delicti* y (2) que la confesión fué hecha voluntariamente.

■ En este caso la prueba del *corpus delicti* surge del testimonio del perjudicado, al declarar que tenía debajo de su cama un baúl conteniendo su ropa y doscientos cincuenta dólares en efectivo, y que el baúl con su contenido desapareció de su casa. No habiendo el perjudicado dispuesto del baúl en alguna forma, es necesario concluir que al desaparecer del sitio en que se hallaba fué porque un agente criminal, en una hora del día o de la noche, penetró en la casa y lo sustrajo. Como se dice en Underhill's *Criminal Evidence* (cuarta edición), sec. 37, pág. 45, el *corpus delicti* puede ser probado por evidencia circunstancial de la cual el jurado pueda razonablemente inferir que un crimen ha sido cometido.

Hasta aquí el escalamiento puede ser en primer o segundo. grado, según que la penetración hubiere sido en las horas del día o de la noche. Pero la prueba del *corpus delicti* sólo tiene por objeto probar que un delito se ha cometido, no siendo necesario que de ella surja el grado del delito. El grado puede probarse con la evidencia que tienda a conectar

al acusado con la comisión del delito, ya sea la confesión extrajudicial o cualquiera otra prueba que se presente a ese efecto. Así vemos que en los casos de muerte ilegal el *corpus delicti* se limita a probar que la muerte ha sido el acto de un agente criminal, y con la evidencia tendente a conectar al acusado con la comisión del delito se determina si la muerte constituye asesinato, en primer o segundo grado, u homicidio, voluntario o involuntario, según resulte de la prueba.

██ Probado el *corpus delicti*, réstanos ahora conectar al acusado con la comisión del delito.

La única evidencia que conecta al acusado con la comisión del delito es la confesión extrajudicial que contra él se presentó en evidencia. Ya hemos dicho que para que la confesión extrajudicial sea admisible es necesario probar que fué hecha voluntariamente. La prueba de la confesión consiste de dos etapas. La primera es función exclusiva del juez. En ésta, al ofrecerse en evidencia la confesión, el juez debe oír la prueba tendente a demostrar si la confesión fué o no voluntariamente hecha. La mejor práctica es que en esta fase del caso el jurado no se halle presente. Si el juez determina como cuestión de derecho que hay prueba suficiente para someter al jurado la cuestión sobre el carácter voluntario de la confesión, permitirá que el jurado oiga dicha prueba, si es que éste había sido retirado, y después oirá el jurado la prueba sobre la confesión, incumbiendo entonces al jurado determinar como cuestión de hecho, si fué o no voluntariamente hecha. Si cree que no lo fué, es su deber no considerarla. *Brown* v. *State,* 132 S. W. 2d 15 (Ark. 1939); *People* v. *Jones,* 150 P.2d 801 (Cal., 1944); *People* v. *Machul,* 56 N. E. 2d 811 (Ill., 1944); *Commonwealth* v. *Sheppard,* 48 N. E. 2d 630 (Mass., 1943); *Kidd* v. *State,* 136 P.2d 210 (Okla., 1943); *Wynn* v. *State,* 181 S. W. 2d 332 (Tenn., 1944; *State* v. *Crank,* 142 P.2d 178 (Utah, 1943); 3 Wigmore *on Evidence,* sec. 861, pág. 345. [4] El peso de

la prueba sobre el carácter voluntario de la confesión, como cuestión de hecho, recae sobre el fiscal. *Pueblo* v. *Dones,* 56 D.P.R. 211, 220 (1940).

En el presente caso, al empezar el fiscal a probar la confesión, la defensa inmediatamente llamó la atención a la corte en los siguientes términos:

"Nosotros vamos a solicitar de la corte que no se continúe con las manifestaciones del testigo hasta tanto se pruebe la forma en que hizo el acusado esas admisiones."

Inmediatamente la corte replicó:

"La corte va a declarar sin lugar la objeción y le va a dar una excepción al compañero."

Como puede verse, aunque el carácter voluntario de la confesión fué impugnado, el juez la admitió en evidencia sin determinar previamente si en efecto era admisible, para lo cual era preciso que oyese la prueba sobre el carácter voluntario de la confesión. Este error por parte de la corte hubiera podido considerarse como un error que no lesionaba los derechos sustanciales del acusado si la corte hubiera instruído al jurado de manera clara y específica que tenían ellos el deber de determinar si la confesión fué hecha voluntariamente, y que recaía sobre el fiscal la carga de la prueba para demostrar que la confesión era voluntaria, *Pueblo* v. *Dones,* supra; pero no se hizo así, y el juez se limitó a dar la instrucción de que para que la confesión fuera admisible en evidencia era necesario que hubiera sido voluntariamente hecha.(1)

_____

(1)El juez instruyó al jurado:

"La regla de que una confesión no puede admitirse como prueba si no se ha probado el *corpus delicti* es aplicable a delitos consumados y no a delitos en grado de tentativa.

"La confesión del acusado es admisible como prueba en contra de él si ha sido hecha voluntariamente: sin violencia, intimidación, amenazas, halagos o promesas de clase alguna que pudieran influir en ella."

Además, les trasmitió la instrucción general al efecto de que es al jurado a quien incumbe dirimir el conflicto en la prueba y pasar sobre la credibilidad de los testigos.

Habida cuenta de que el juez en presencia del jurado rechazó la contención del abogado defensor al efecto de que no podía presentarse prueba de la confesión extrajudicial sin probarse previamente que había sido voluntariamente hecha —en ausencia de una instrucción específica de que era el deber de ellos determinar si la confesión había sido voluntariamente hecha—, el jurado podía racionalmente entender que al admitirla el juez era porque él entendía que la misma era voluntaria y por consiguiente admisible, como la demás evidencia que se presentó ante ellos. No habiéndose tampoco instruído al jurado que el peso de la prueba para establecer que la confesión había sido voluntariamente hecha incumbía al fiscal, pudo también el jurado creer que esa prueba incumbía al acusado y relevar al fiscal de la obligación de probar ese hecho.

Debe presumirse que esos errores, tratándose de un juicio por jurado, perjudicaron los derechos sustanciales del acusado. *Cf. Pueblo v. Márquez,* 64 D.P.R. 371, 382. *Y siendo ello así, procede revocar la sentencia apelada y devolver el caso a la corte inferior para la celebración de un nuevo juicio.*

