EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JESÚS MEDINA ORTIZ, acusado y apelante.

Núm. 14971.—*Sometido:* Marzo 1, 1951. *Resuelto:* Marzo 12, 1951.

*Rafael Barbosa,* abogado del apelante; *Hon. Procurador General Víctor Gutiérrez Franqui, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Jesús Medina Ortiz fué acusado ante el Tribunal de Distrito de San Juan de haber infringido el artículo 82 del Código Penal.([1]) Se le imputó que allá para el primero de noviembre de 1949 y en San Juan, ilegal, voluntaria, maliciosa y criminalmente, ofreció y dió la suma de $20 a Eduardo Umpierre Pulzoni, funcionario ejecutivo de Puerto Rico, en el ejercicio del cargo de Examinador de candidatos a chóferes, con el propósito de influir en los actos, decisión, voto y dictamen de éste en su carácter oficial, de manera que a cambio de la indicada suma aprobara el examen práctico para chófer que el acusado habría de tomar. Visto el caso ante el jurado éste rindió veredicto condenatorio y la corte le sentenció a cumplir de un año a un año y un mes de presidio. El acusado apeló.

Alega en primer lugar que el tribunal inferior erró al manifestar en presencia del jurado que "la corte resuelve que la declaración fué voluntaria y que el jurado la examinará cuando llegue su oportunidad." Veamos lo ocurrido en relación con este incidente:

___

([1]) Este artículo textualmente copiado dispone:

"Toda persona que diere u ofreciere cualquiera dádiva a un funcionario ejecutivo de Puerto Rico, con el propósito de influir en cualquier acto, decisión, voto, dictamen u otro procedimiento de dicho funcionario, en su carácter oficial, incurrirá en pena de presidio por un término mínimo de un año y máximo de catorce años, quedando por siempre incapacitado para ejercer ningún cargo público."

Pedro Amado Rivera declaró que es abogado del Departamento del Interior y que ocupaba dicho cargo para el primero de noviembre de 1949; que ese día se presentó en su oficina Eduardo Umpierre Pulzoni, acompañado de un joven que dijo llamarse Jesús Medina, para hacer una investigación sobre la pretensión de éste de hacerse chófer; y que preguntó a Medina si quería declarar y éste contestó afirmativamente, haciéndole las advertencias.. ..En ese momento el letrado de la defensa solicitó que se retirara el jurado y el tribunal así lo ordenó. La defensa levantó cierta objeción y el fiscal preguntó si se refería a la voluntariedad del acusado al prestar la declaración. Luego de varias preguntas y respuestas que es innecesario reseñar, el letrado de la defensa manifestó que lo que trataba de averiguar era si la declaración del acusado "fué voluntaria o no". Explicó el testigo el procedimiento seguido por él al tomarle declaración al acusado e indicó que a éste no se le prometió que no se le procesaría y que tampoco se le dijo que no se le haría nada; y que no se le obligó a declarar ni se le amenazó. Ordenó inmediatamente el juez que se trajera al jurado y al llegar éste preguntó a las partes si admitían que el jurado era el mismo y que estaba completo. Al contestar tanto la defensa como el fiscal en sentido afirmativo, el juez se expresó así: "La corte resuelve que la declaración fué voluntaria y que el jurado la examinará cuando llegue su oportunidad. Adelante." Luego de mostrar el fiscal el documento al letrado de la defensa, puso el mismo en manos del testigo y le indicó: "tenga la bondad de decir qué es eso", contestando el testigo que era una declaración prestada por Jesús Medina el primero de noviembre de 1949. Poco después el ministerio público ofreció en evidencia la declaración jurada prestada por el acusado ante el Lic. Amado Rivera, haciendo objeción la defensa a la admisión de la misma. Insistió el fiscal en que el documento era admisible y argumentó brevemente sobre la cuestión, al igual que lo hizo el letrado de la defensa. Manifestó entonces el juez:

"Se ha presentado una declaración suscrita por Jesús Medina Ortiz ante el Lcdo. Pedro Amado Rivera sobre manifestaciones hechas por el acusado y coetáneas con la comisión de los hechos que se le imputan y no tenía necesidad de ser bajo juramento y la corte admite el documento."

A esa resolución de la corte la defensa se anotó una excepción. Ordenó inmediatamente el juez al secretario del tribunal que leyera en alta voz la declaración y éste así lo hizo en presencia del jurado. La misma dice así:

"Yo, Jesús Medina Ortiz, bajo juramento declaro: Que mi nombre es como queda dicho, que tengo veintitrés años de edad, soltero y residente en Calle Patilla Núm. 113 de Río Piedras, Puerto Rico. Que estoy empleado con la Polar Ice de Hato Rey, Río Piedras y habiendo sido advertido del derecho que tengo a no declarar y que si declaro la declaración podrá usarse en mi contra. Que hoy día 1ro. de noviembre de 1949 vine a Puerta de Tierra a tomar mi examen práctico para chófer, llevando conmigo el *ticket* del Departamento de lo Interior que me da derecho a ese examen. Que me personé donde el Examinador señor Umpierre y le dí el referido *ticket* y un billete de veinte pesos, diciéndole: le voy a dar esto para que me pase el examen. Que esto ocurrió estando ya los dos montados en el carro donde iba a examinarme. Que el señor Umpierre entonces me dijo: yo puedo meterlo a usted en la cárcel por esto y yo le dije que me perdonara porque yo no sabía que esto era malo. Entonces el señor Umpierre me trajo aquí al Departamento de lo Interior para la investigación del caso. Que lo declarado es toda la verdad. (Firmado) Jesús Medina.—Jurado y suscrito ante mí por Jesús Medina Ortiz de las circunstancias personales arriba expresadas.—San Juan, P. R., a 1ro. de noviembre de 1949.—(Firmado) Pedro Amado Rivera, Notario Público."

Posteriormente, al dar sus intrucciones al jurado la corte manifestó: "Se han traído además manifestaciones de la declaración prestada coetáneamente con los hechos que se le imputan, las manifestaciones hechas por el acusado. Una manifestación es una admisión."

El error imputado ha sido claramente cometido. Según dijimos en *Pueblo* v. *Declet*, 65 D.P.R. 23, 26:

". . . para que la confesión extrajudicial sea admisible es necesario probar que fué hecha voluntariamente. La prueba de la confesión consiste de dos etapas. La primera es función exclusiva del juez. En ésta, al ofrecerse en evidencia la confesión, el juez debe oír la prueba tendente a demostrar si la confesión fué o no voluntariamente hecha. La mejor práctica es que en esta fase del caso el jurado no se halle presente. Si el juez determina como cuestión de derecho que hay prueba suficiente para someter al jurado la cuestión sobre el carácter voluntario de la confesión, permitirá que el jurado oiga dicha prueba, si es que éste había sido retirado y después oirá el jurado la prueba sobre la confesión, *incumbiendo entonces al jurado determinar como cuestión de hecho, si fué o no voluntariamente hecha.* (Citas) *El peso de la prueba sobre el carácter voluntario de la confesión, como cuestión de hecho, recae sobre el fiscal.* (Cita).

"Habida cuenta de que el juez en presencia del jurado rechazó la contención del abogado defensor al efecto de que no podía presentarse prueba de la confesión extrajudicial sin probarse previamente que había sido voluntariamente hecha—en ausencia de una instrucción específica de que era el deber de ellos determinar si la confesión había sido voluntariamente hecha—, el jurado podía racionalmente entender que al admitirla el juez era porque él entendía que la misma era voluntaria y por consiguiente admisible, como la demás evidencia que se presentó ante ellos. No habiéndose tampoco instruído al jurado que el peso de la prueba para establecer que la confesión había sido voluntariamente hecha incumbía al fiscal, pudo también el jurado creer que esa prueba incumbía al acusado y relevar al fiscal de la obligación de probar ese hecho.

"Debe presumirse que esos errores, tratándose de un juicio por jurado, perjudicaron los derechos sustanciales del acusado." (Bastardillas nuestras.)

Véase también *Pueblo* v. *Otero*, 67 D.P.R. 404, 412.

Como se ha visto, mientras el jurado se hallaba ausente, las partes discutieron sobre la voluntariedad de la declaración e interrogaron al testigo Amado Rivera respecto a la forma en que la misma había sido hecha. El juez ordenó entonces que se trajera al jurado a la sala del tribunal y al retornar éste inmediatamente manifestó que la corte resolvía

que la declaración fué voluntaria y que el jurado la examinaría cuando llegara su oportunidad. No se siguió, sin embargo, en forma alguna lo resuelto por nosotros en el caso de *Pueblo v. Declet*, supra, toda vez que luego de determinar el juez, como cuestión de derecho, que había prueba suficiente para someter al jurado la cuestión sobre el carácter voluntario de la confesión, en vez de permitir que éste oyera la prueba y que después de oírla determinara como cuestión de hecho si la confesión había sido o no voluntariamente hecha, indicó tan sólo al jurado que la declaración fué voluntaria y que éste debía examinarla cuando llegara su oportunidad.

Ya hemos dicho que la prueba de la confesión consiste de dos etapas. Si bien de los autos surge claramente que en la primera de esas etapas la cuestión relativa a la voluntariedad de la declaración fué suscitada por la defensa, de ellos no aparece si en realidad tal cuestión se planteó o no posteriormente en presencia del jurado. Sea ello como fuere, resolvemos ahora que tal cosa no era necesaria. Es el fiscal a quien incumbe siempre probar como cuestión de hecho el carácter voluntario de una confesión. Es el deber de la corte, también, instruir al jurado a ese efecto. En el presente caso la corte meramente indicó a éste que las manifestaciones del acusado equivalían a una admisión.

No habiéndose ofrecido por el fiscal ante el jurado prueba sobre la voluntariedad de la confesión; no habiéndose instruído por la corte al jurado que el peso de la prueba para establecer que la confesión había sido hecha voluntariamente por el acusado correspondía al fiscal; y no habiendo la corte indicado al jurado que a éste incumbía determinar, como cuestión de hecho, si la confesión había sido hecha o no voluntariamente, los derechos sustanciales del acusado, tratándose de un juicio por jurado, debe presumirse que resultaron perjudicados.

*La sentencia apelada será revocada y se ordenará la celebración de un nuevo juicio.*