EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALBERTO SANTOS ESCRIBANO, GABRIEL CASANOVA RODRÍGUEZ y HÉCTOR HERNÁNDEZ SIERRA, acusados y apelantes los dos últimos.

Número 15593.

*Sometido:* 6 de octubre de 1953. *Resuelto:* 28 de diciembre de 1954.

*Ángel Luis Saavedra,* abogado de los apelantes; *Hon. Secretario de Justicia José Trías Monge* y *Rafael L. Ydrach Yordán, Fiscal Auxiliar, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El señor Fiscal del Tribunal Superior de Puerto Rico, Sala de Caguas, formuló acusación contra los señores Alberto Santos Escribano, José Manuel Serrano O'Neill, Gabriel Casanova Rodríguez y Héctor Hernández Sierra, por un delito de robo, cometido de la manera siguiente: "los referidos acusados . . . allá para el día 19 al 20 de octubre de 1952, en Caguas, Puerto Rico, que forma parte del Tribunal Superior de Puerto Rico, Sección de Caguas, Puerto Rico, ilegal, voluntaria y criminalmente, y actuando conjuntamente y de común acuerdo, sustrajeron de la persona de Domingo Ramos Robles, empleado de la Cooperativa de Chóferes de Caguas, P. R., quien atendía el puesto de gasolina de dicha cooperativa en la noche del 19 al 20 de octubre de 1952, la cantidad de dieciséis dólares con noventiséis centavos ($16.96) en billetes y moneda fraccionada, contra la voluntad de dicho Domingo Ramos Robles, por medio de la violencia y la intimidación, esto es mientras le sustraían esta cantidad de dinero a Domingo Ramos Robles, dicho Alberto Santos Escribano le apuntaba con una pistola y le sustraía el dinero y Héctor Hernández Sierra le apuntaba con un puñal."

El caso se vió ante un jurado el día 9 de febrero de 1953, resultando absuelto el acusado señor José Manuel Serrano O'Neill y culpable los señores Alberto Santos Escribano, Gabriel Casanova Rodríguez y Héctor Hernández Sierra. LaSala de Caguas del Tribunal Superior de Puerto Rico condenó al señor Gabriel Casanova Rodríguez y al señor Héctor Hernández Sierra, a cumplir una pena de dos a diez años de presidio con trabajos forzados.

De dicha sentencia apelaron ambos, señalando los siguientes errores: (1) "erró el tribunal al no dar instrucciones es-

pecíficas a los efectos de que las declaraciones de los apelantes eran *exculpatory statements*" (admisiones exculpatorias) "y como tales no admitían los hechos delictivos alegados; (2) erró el tribunal al resolver como cuestión de derecho que la confesión de los acusados apelantes fué voluntaria; (3) erró el tribunal al darle crédito a la declaración del co-acusado Alberto Santos Escribano (y) por el contrario no darle ningún crédito a las declaraciones de los aquí apelantes, cuyas declaraciones imputan a dicho Santos Escribano la comisión. del delito alegado; (4) erró el tribunal al darle crédito completo a la declaración de Domingo Ramos Robles, quien en su declaración no pudo en la forma que lo hizo identificar a los acusados apelantes en la comisión del delito; (5) erró el jurado al no absolver a los acusados a base de la prueba ofrecida; (6) erró el tribunal al no anular el veredicto rendido por el jurado, por ser éste contrario a derecho.

■■ En cuanto al primer error, relacionado con la falta de instrucciones específicas en el sentido que las declaraciones de los apelantes eran admisiones exculpatorias, y como tales no admiten los hechos delictivos imputados, los acusados apelantes se basan en el caso de *Pueblo* v. *Millán*, 66 D.P.R. 243, (*Travieso*), (1945), cita precisa a la pág. 249. Tal caso no resuelve, que cuando se presenten en evidencia admisiones exculpatorias, se le deben dar al jurado instrucciones específicas respecto a que tales declaraciones no admiten los hechos delictivos imputados. Por el contrario resuelve que "en una confesión la materia exculpatoria debe ser tratada como cualquiera otra evidencia, estando el jurado en libertad de creerla o rechazarla." El texto completo de la cita, es el siguiente: "La declaración prestada por el acusado no es en realidad una confesión ni una admisión de culpabilidad. Por el contrario, el acusado declaró que él se encontraba en su establecimiento, echando fuera a los curiosos que allí se habían reunido, cuando oyó los 'disparos que provenían de la Calle Muñoz Rivera'. Su declaración no es otra cosa que lo que se conoce como un *exculpatory statement,* mediante el cual una persona trata de

protegerse declarando que no tuvo participación alguna en el hecho delictivo que se investiga. La declaración era admisible sin que estuviese la corte obligada a instruir al jurado que las manifestaciones del acusado debieran ser consideradas como ciertas hasta que fueran destruídas. Recientemente sugerimos y ahora así lo resolvemos que el *dictum* en contrario en *Pueblo* v. *Mercedes Sánchez Parra*, 55 D.P.R. 351, 369, fué erróneo y que 'en una confesión la materia exculpatoria debe ser tratada como cualquier otra evidencia, estando el jurado en libertad de creerla o rechazarla.' *Pueblo* v. *Muñiz*, 65 D.P.R. 985."

De acuerdo con la doctrina del caso de *Pueblo* v. *Millán*, las siguientes instrucciones trasmitidas al jurado, resultan ajustadas a derecho: "entonces la responsabilidad habrá de recaer sobre aquéllos que actuaron conjuntamente o aquél que lo realizó por sí. Además en las declaraciones que les ha sometido el Fiscal, si llegan a la conclusión de que son voluntarias y que no hubo coacción, entonces deben tomarlas en consideración para rendir su veredicto y al tomarlas en consideración deben tomar en consideración todo lo que dicen las declaraciones, aunque sea materia exculpatoria a favor del acusado. Al deliberar ustedes lo primero que tienen que decidir es si fueron o no voluntarias las declaraciones. No fueron voluntarias, pues desecharlas para un lado. Fueron voluntarias, pues vamos a leerlas. Al tomarlas en consideración deben tomar en consideración todo lo que las declaraciones dicen con respecto a los hechos envueltos y con respecto a cada uno de los acusados aunque en alguna de ellas haya material exculpatorio que excluya a todos o a alguno de los acusados. Entonces le dan el peso de eso con el resto de la prueba presentada." (Transcripción de evidencia, págs. 118 y 119.)

En cuanto al segundo error, relacionado con la voluntariedad de las confesiones de los acusados y apelantes, es bueno dejar consignado que las declaraciones prestadas por los acusados, no son confesiones, propiamente dichas. Una

confesión es una declaración donde el declarante admite la comisión de un delito, mientras que, una admisión exculpatoria es una declaración donde el declarante admite ciertos hechos que pueden estar relacionados con la comisión de un delito, pero niega haber cometido tal delito. En este caso los acusados y apelantes admiten haber estado en compañía del otro acusado señor Alberto Santos Escribano en el lugar donde se cometió el crimen, pero inculpan del crimen a dicho señor Alberto Santos Escribano y niegan toda participación propia en la comisión del delito. Esta declaración, desde luego, no tiene el alcance de una confesión.

■■ La importancia de distinguir entre una confesión y una admisión exculpatoria, es que la confesión requiere prueba de la voluntariedad mientras que la admisión exculpatoria no la requiere: *Pueblo* v. *Otero*, 67 D.P.R. 404, (*Travieso*), (1947), cita precisa a la pág. 411; *People* v. *Rogers*, 110 N.E.2d 201, (*Fulton*), (1953), cita precisa a la pág. 206; *People* v. *Crowl*, 82 P.2d 507, (*Marks*), (1938), cita precisa a la pág. 513.

■■ En cuanto al tercer error, relacionado con la credibilidad del testimonio del co-acusado señor Alberto Santos Escribano, se trata de una verdadera confesión, puesto que en ella admite el señor Alberto Santos Escribano lo siguiente: "yo me apeé del automóvil y pedí que le echaran gasolina; luego cuando el empleado estaba con la manguera pegada le apunté con una pistola, pero no pegada al cuerpo de él sino a distancia y le dije que me diera el dinero; luego entró Héctor Hernández Sierra con un puñal y se lo apuntaló a la espalda; entonces yo le rebusqué al del puesto de gasolina en los bolsillos; Cheito [José Manuel Serrano] se quedó en el automóvil, no bajó y el menor [Gabriel Casanova Rodríguez] abrió la puerta del automóvil y se quedó frente a ella."

La admisibilidad de una confesión de auto-incriminación dependen de su voluntariedad. En este caso hubo un evidente conflicto de evidencia en cuanto a la prueba de voluntariedad presentada por el señor Fiscal y la prueba de involuntariedad

presentada por la defensa. El ilustrado Juez sentenciador procedió primero a oír tal prueba, en ausencia del jurado, siguiendo la regla establecida por nosotros en *Pueblo* v. *Declet*, 65 D.P.R. 23, (*De Jesús*), (1945), cita precisa a la pág. 26; *Pueblo* v. *Otero*, 67 D.P.R. 404, (*Travieso*), (1947), cita precisa a la pág. 411; *Pueblo* v. *Medina*, 72 D.P.R. 254, (*Marrero*), (1931), cita precisa a la pág. 259; después de determinar, como cuestión de derecho, que la confesión no fué involuntaria, se reprodujo ante el jurado la prueba de la voluntariedad. Para nosotros es claro, que la confesión del co-acusado señor Alberto Santos Escribano era admisible y el jurado podía considerarla en todo lo que a la propia auto-incriminación del señor Alberto Santos Escribano se refiere, si como cuestión de hecho, el jurado creyó que tal confesión había sido voluntariamente prestada.

Ahora bien, lo que en realidad de derecho, alegan los acusados y apelantes, es que tal confesión no podía considerarse para incriminar a los aquí acusados y apelantes, al igual que al co-acusado declarante señor Alberto Santos Escribano, puesto que equivaldría a admitir en evidencia un testimonio sin que los acusados y apelantes tuvieran oportunidad de contrainterrogarlo. Admitimos en principio que la confesión de un principal autor del crimen, donde se involucra otros co-autores o cómplices, aunque se puede utilizar para probar la culpabilidad del principal autor del crimen, no se puede utilizar para probar la culpabilidad de un co-autor o cómplice: *Smith* v. *State*, 237 S. W. 265, (*Hawkins*), (1922), cita precisa a la pág. 267; *Browney* v. *State*, 79 S.W.2d 311, (*Morrow*), (1935), cita precisa a la pág. 315; *Wilkins* v. *State*, 115 S.W.2d 907, (*Christian*), (1938), cita precisa a la pág. 909. Cuando se presenta en evidencia una confesión donde el declarante, además de incriminarse a sí mismo, incrimina a otras personas, el Juez debe transmitir al jurado una instrucción especial en el sentido que dicha confesión podrá utilizarse contra el declarante exclusivamente en cuanto a su culpabilidad, pero no podrá utilizarse contra las otras

personas incriminadas también por el declarante, para determinar su culpabilidad. El dejar de transmitir dicha instrucción, es un error perjudicial contra las otras incriminadas por el declarante, que debe producir la revocación de la sentencia. La conclusión a que hemos llegado en cuanto a este error, hace innecesario que consideremos el resto de los errores señalados.

*Deben revocarse las sentencias dictadas en este caso y ordenarse la celebración de un nuevo juicio para los acusados y apelantes.*