EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAFAEL ÁNGEL BARRETO, acusado y apelante.

*Número:* Cr-62-255    *Resuelto:* 27 de febrero de 1963

---

*Luis Raúl Cruz Jiménez,* abogado del apelante; *J. B. Fernández Badillo, Procurador General* e *Irene Curbelo, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

El Juez Asociado Señor Santana Becerra emitió la opinión del Tribunal.

Contra el apelante Rafael Ángel Barreto y otro co-acusado de nombre Luis Armando Serrano se formuló acusación de escalamiento en primer grado, imputándoles que penetraron durante las horas de la noche en un establecimiento comercial y cometieron hurto o ratería, sustrayendo de dicho establecimiento varios cartones de cigarrillos, litros de ron Palo Viejo y otras mercaderías. Después de un juicio por tribunal de derecho la Sala sentenciadora los declaró convictos del delito imputado y los sentenció a una pena de 3 a 6 años de presidio.

La prueba del Pueblo fué breve, sólo cubre 16 páginas del récord. Declaró el dueño del establecimiento y dijo que el 12 de marzo de 1960 lo cerró de 7 a 8 de la noche y al otro día encontró una puerta rota. Le faltaba todo el ron Palo Viejo, los cigarrillos, dos cuchillos y ocho pesos gordos, más unos billetes de lotería. Después de esa fecha le escalaron dos veces más. Las botellas de ron Palo Viejo eran de un litro. Otro testigo declaró que el 23 de marzo como a las cinco de la tarde estaba con otra persona dándose unos palos y llegó allí el apelante con un litro de ron Palo Viejo; se lo ofreció por $1.50 y el testigo lo compró. En la repregunta surgió que en el momento mencionado el declarante había estado tomando licor alrededor de una hora y pico y que estaba sometido a tratamiento siquiátrico. El detective Alejo Morales Pagán expresó que cooperó en la investigación del escalamiento; que el otro co-acusado Luis Armando Serrano había dicho primero que habían entrado los dos, y luego dijo

que no; que había prestado declaración ante el juez porque lo habían obligado.

El Juez de Paz declaró que el 23 de marzo llevaron a Serrano a su presencia y voluntariamente prestó declaración ante él. (¹)    La declaración fue así:

"Que el lunes 21 del presente mes de marzo estando yo al lado del almacén de 'proviciones' de Heriberto Barrios, estando yo parado entre las tiendas de Iterio y Faviciano vino donde mí Rafael Barreto y me dijo que de cualquier manera tenía que conseguir dinero para ir a un baile, entonces se me desapareció del lado y se metió entre el teatro y la tienda de Heriberto Barrios y al poco rato salió con un litro de Ron Palo Viejo dentro de una bolsa y cuatro cajetillas de cigarrillos Chesterfield en los bolsillos, entonces llegó allí Iterio y Moncho Menas a quienes él le salió a vender el litro de ron, comprándoselos en un dólar y allí mismo se lo tomaron.

P. ¿Sabes tú algo relacionado con unos billetes de la lotería que le robaron a Heriberto Barrios?

R. Sí señor yo sé que Rafael fue a cambiar unos billetes de la lotería a Manatí.

P. ¿Cuántas veces le han robado a Heriberto Barrios?

R. Tres veces.

P. ¿Cuándo fue la primera vez que le robaron?

R. La primera vez no recuerdo cuando fue.

P. ¿Y la segunda cuándo fue?

R. La segunda fue el domingo pasado el día 16 como a las doce o las doce y media de la noche.

P. ¿Con qué abrieron la puerta el día 16?

R. Yo no sé por dónde fue.

P. ¿Quién se metió primero él o tú?

R. Bueno yo no me metí, yo estaba esperando abajo.

P. ¿Y qué sacó ese día de la tienda?

R. Sacó cigarrillo, Ron y un cuchillo de 8″ de cabo negro y pesos gordos (como cuatro más o menos).

P. ¿En qué tú participaste de ese botín?

_____

(¹) El co-acusado Serrano prestó declaración en corte impugnando la voluntariedad de su confesión.    A los efectos de este recurso no es necesario entrar en ese incidente, aunque de su testimonio aparece que un policía le pegó al negarse él a decir que el apelante le había dado tres cajetillas de cigarrilos.

R. Bueno yo solamente participé de los cigarrillos.

P. ¿Deseas declarar algo más?

R. No señor eso es todo."

Al admitirse la anterior declaración en evidencia ocurrió lo siguiente:

"Abogado Sr. Cordero: Para que no se tome en consideración y se elimine de la confesión aquello que Luis Armando Serrano ha declarado que conecta al otro co-acusado.

Hon. Juez: Sin lugar.

Abogado Sr. Cordero: Excepción.

Hon. Juez: La corte ratifica su resolución anterior a la negativa a eliminar la declaración de este muchacho.

Abogado Sr. Cordero: Nuestra contención es que se elimine de la confesión toda la declaración, todo aquello que conecte al otro co-acusado en lo que el acusado Luis Armando Serrano ha confesado.

Hon. Juez: Sin lugar.

Abogado Sr. Cordero: Excepción."

En *Pueblo* v. *Casanova,* 77 D.P.R. 729, revocando una sentencia condenatoria dijimos: [pág. 735] "Cuando se presenta en evidencia una confesión donde el declarante, además de incriminarse a sí mismo, incrimina a otras personas, el juez debe transmitir al jurado una instrucción especial en el sentido que dicha confesión podrá utilizarse contra el declarante exclusivamente en cuanto a su culpabilidad, pero no podrá utilizarse contra las otras personas incriminadas también por el declarante, para determinar su culpabilidad. El dejar de transmitir dicha instrucción, es un error perjudicial contra las otras incriminadas por el declarante, que debe producir la revocación de la sentencia."

En este caso no había jurado, luego no era necesaria instrucción alguna. Pero el principio que consagra el caso de *Casanova* es que la declaración extrajudicial de un co-acusado incriminando a otro no es prueba legalmente competente ni admisible contra este otro para determinar su culpabilidad, ya sea el proceso ante jurado o ante tribunal

de derecho. Cfr: *Reyes* v. *Tribunal Superior*, 84 D.P.R. 29 (1961) ; *Pueblo* v. *Cruz Jiménez*, 87 D.P.R. 133 (1963). Más que un problema de evidencia sobre admisibilidad de una prueba, ello envuelve una cuestión fundamental de un juicio justo, o lo que es igual, un problema de debido procedimiento de ley. No es este el caso tampoco de la actuación o la manifestación extrajudicial de un co-conspirador, admisible en evidencia contra otro co-conspirador bajo ciertas circunstancias. Cfr: *Pueblo* v. *Castro*, 75 D.P.R. 672, 680.

■ Aparte del error procesal de haberse negado a eliminar del récord esa prueba en cuanto al co-acusado-apelante respecta, no puede haber duda de que la Sala sentenciadora la tomó en consideración al determinar su culpabilidad. No de otro modo se explica que lo declarara culpable de ese delito. Eliminados los elementos de culpabilidad que surgen de la confesión de Serrano, toda la prueba aportada contra el apelante fué el hecho escueto de que diez días después del alegado escalamiento vendió una botella de ron Palo Viejo de un litro. Concediéndole a esta prueba todo el grado de credibilidad que asumimos le dio la Sala sentenciadora, la misma es insuficiente en derecho para sostener esta convicción. El escalamiento es uno de aquellos singulares delitos que requieren de una intención específica a ser probada como cuestión de hecho. Cfr: *Pueblo* v. *Rodríguez Rivera*, 84 D.P.R. 299 (1961).

■ Aun cuando la prueba circunstancial puede servir de base para una convicción sin que tenga que ser compatible únicamente con la idea de inocencia, debe reunir ingredientes que persuasivamente tiendan a establecer la comisión del delito. La de este caso no da a nuestro juicio esa medida, que es la medida de una convicción más allá de toda duda razonable, a la luz de la garantía, aquí constitucional, del disfrute de una presunción de inocencia.

*No existiendo prueba legalmente competente para la sentencia condenatoria dictada por la Sala sentenciadora en este proceso por tribunal de derecho, se revocará la misma y se absolverá al apelante.*