EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JACINTO CLEMENTE, acusado y apelante.

No. 2720.—*Visto:* Junio 15, 1926. *Resuelto:* Junio 26, 1926.

1. DERECHO PENAL— JUICIO— PROCEDIMIENTOS PRELIMINARES — JUICIO POR SEPARADO DE PERSONAS ACUSADAS DE UN DELITO—FACULTAD PARA JUZGAR SEPARADAMENTE A COACUSADOS.—De acuerdo con el artículo 238 del Código de Enjuiciamiento Criminal, una corte de distrito tiene discreción para juzgar separadamente a personas acusadas de un delito, y más aún cuando el acusado, en la primera vista del caso solicitó juicio por separado, y al devolverse el caso en apelación para nuevo juicio no presentó una petición o demostración en contrario.

2. DERECHO PENAL—FECHA DEL JUICIO Y SUSPENSIÓN—SUSPENSIÓN A SOLICITUD DEL ACUSADO—SUSPENSIÓN HASTA TANTO UN TESTIGO DEL ACUSADO SEA JUZGADO DE UN DELITO.—Una corte de distrito no viene obligada a suspender la vista de un juicio hasta tanto un testigo del acusado, también acusado de otro delito, sea juzgado.

3. DERECHO PENAL— JUICIO— OBJECIONES A LAS INSTRUCCIONES O NEGATIVA A INSTRUIR, Y EXCEPCIONES—FALTA DE OBJECIÓN O EXCEPCIÓN Y EFECTO.—Atacadas las instrucciones al jurado, si el apelante ni especifica ni discute en su alegato el supuesto error cometido y no aparece que se objetaran o excepcionaran durante el juicio, la corte de apelación no está obligada a comparar la prueba con las instrucciones en busca de errores.

4. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—PRESUNCIONES EN APELACIÓN—SENTENCIA APELADA—PRESUNCIÓN DE SER CORRECTA.—La sentencia de una corte se presume correcta hasta tanto se prueba lo contrario.

5. DERECHO PENAL—JUICIO—NECESIDAD, REQUISITOS Y SUFICIENCIA DE LAS INSTRUCCIONES—INSTRUCCIONES SOBRE CIRCUNSTANCIAS ATENUANTES DEL DE-

LITO—NEGATIVA DE LA CORTE A DARLA.—Cuando un apelante no discute las circunstancias atenuantes de su caso, ni convence al tribunal de apelación que la corte inferior está obligada a instruir al jurado de su derecho a poder traer un veredicto por asesinato en primer grado con atenuantes, la negativa de la corte a dar tal instrucción no puede decirse constituya error alguno.

SENTENCIA de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), condenando al acusado a la pena capital por delito de asesinato en primer grado. *Confirmada.*

*José de Jesús Tizol,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El sexto señalamiento, o sea que la pena capital no existe en Puerto Rico, ha sido resuelto por la opinión y sentencia de esta corte en el caso de *El Pueblo de Puerto Rico* v. *Arrocho,* No. 2615 (34 D.P.R. 847).

[1] En el primer señalamiento se alega que la corte erró al ordenar que se celebraran juicios separados para los acusados Clemente y Arrocho, acusados conjuntamente del delito de asesinato en primer grado. El artículo 238 del Código de Enjuiciamiento Criminal da a la corte discreción para juzgar separadamente a personas acusadas de un delito. No se alega ni se demuestra que la corte ha abusado de su discreción. Además en este caso el acusado Clemente originalmente solicitó un juicio por separado en la primera vista del caso y cuando se devuelve un caso para nuevo juicio, la corte tiene derecho a juzgar a los acusados separadamente, a no ser que por el acusado se presente una fuerte petición y demostración en contrario.

[2] En el segundo señalamiento se alega que la corte cometió error al no suspender el juicio. En su moción a ese efecto la teoría del acusado era que el juicio debía suspenderse hasta que un testigo acusado de un delito fuese juzgado. En esa forma se podrían suspender los juicios indefinidamente, y en ausencia de autoridad que favorezca esa teoría, este señalamiento no merece ser discutido más ampliamente.

[3, 4] El tercer señalamiento ataca las instrucciones al jurado. El apelante, sin embargo, no especifica en su alegato el error que se supone haberse cometido, ni discute este punto. Tampoco aparece que se presentó objeción o se tomó excepción alguna durante el juicio, ni siquiera en términos generales. En tal caso no es el deber de una corte de apelación comparar la prueba con las instrucciones en busca de errores. Se presume que la sentencia es correcta hasta que se pruebe que la corte cometió error.

[5] Se señala como cuarto error que la corte no instruyó al jurado, según se solicitó, de su derecho o poder para traer un veredicto por el delito de asesinato en primer grado con circunstancias atenuantes. El apelante no discute estas circunstancias y no nos convence de que la corte en este caso estaba obligada a dar tal instrucción. *El Pueblo de P. R. v. Alméstico,* 18 D.P.R. 320, y otros casos más demuestran que una corte no está obligada a dar instrucciones que mitiguen un delito, a menos que la prueba sostenga el punto de vista de la defensa. Tampoco hallamos esta súplica del apelante en los autos del caso.

El quinto señalamiento se refiere a la negativa de la corte a conceder un nuevo juicio. El apelante, sin embargo, únicamente insiste en que la pena capital no existe en Puerto Rico, y esto ya ha sido resuelto por nuestra decisión en el caso de *El Pueblo de P. R. v. Arrocho,* discutido primeramente.

*La sentencia apelada debe ser confirmada.*

El Juez Presidente Sr. del Toro no tomó parte en la resolución de este caso.