EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ ÁNGEL ORTIZ GERENA c/p MIGUEL ÁNGEL ORTIZ y SINFORIANO MALDONADO ACOSTA, acusado y apelante.

Número 15553.

*Sometido:* 4 de marzo de 1954. *Resuelto:* 26 de marzo de 1954.

_A. Cadilla Ginorio,_ abogado del apelante; _Hon. Secretario de Justicia José Trías Monge_ y _Rafael L. Ydrach Yordán, Fiscal Auxiliar, Tribunal Supremo,_ abogados de El Pueblo, apelado; _Santos P. Amadeo,_ como _amicus curiae._

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la· opinión del tribunal.

José Ángel Ortiz Gerena fué declarado culpable por la Sala de Arecibo del Tribunal Superior de una infracción a la sección primera de la Ley núm. 24 de 20 de abril de 1928 (pág. 167), conocida como la Ley sobre Adulteración de Café, y fué condenado a cumplir tres meses de cárcel y a pagar una multa de $300. Ortiz Gerena ha apelado ante este Tribunal y ha señalado los siguientes cinco errores:

"SEÑALAMIENTO DE ERRORES

"Primer error: El tribunal inferior cometió error al negarse a archivar el caso, por estar la acusación basada en declaraciones juradas prestadas ante el fiscal, y no ante un juez o magistrado; y por haber sido el acusado arrestado en virtud de orden de un juez basada en dichas declaraciones juradas ante el fiscal y no ante dicho juez.

"Segundo error: El tribunal inferior cometió error al negarse a suspender la vista del caso; y al ordenar un juicio por separado para el apelante.

"Tercer error: El tribunal inferior cometió manifiesto error en la apreciación de la prueba.

"Cuarto error: La sentencia dictada en este caso es contraria a derecho y a la prueba presentada.

"Quinto error: De la prueba presentada surge una duda razonable a favor del acusado y apelante; y el tribunal inferior cometió error al no darle el beneficio de esa duda al acusado y apelante, y negarse a absolverlo."

 Refiriéndonos al primer error señalado, conviene indicar que al iniciarse la vista del caso en el tribunal a quo, y antes de presentarse la prueba de cargo, el acusado solicitó el archivo de la acusación porque en ella se expone que ella está basada en el testimonio de testigos examinados bajo juramento ante un fiscal del Tribunal Superior, creyendo el fiscal que existe justa causa para presentarla al tribunal, alegando el acusado que, de acuerdo con las disposiciones del artículo 10 de la Constitución del Estado Libre Asociado de Puerto Rico, en la acusación se debe exponer que ella está basada en declaraciones juradas prestadas ante un juez, y que ese juez ha llegado a la conclusión de que existe causa probable para presentar la acusación. El tribunal de Arecibo declaró sin lugar la moción del acusado.

La acusación presentada en este caso cumple con las disposiciones del artículo 3 de nuestro Código de Enjuiciamiento Criminal que lee así:

"Todo delito respecto del cual tuviere jurisdicción original la Corte de Distrito, deberá perseguirse en virtud de acusación presentada por el Fiscal en sala de justicia y confirmada con su declaración jurada que será suficiente si en ella se expresa que la acusación se funda en las declaraciones de testigos juramentados por él o las declaraciones de testigos examinados ante un juez instructor, y que él cree solemnemente que existe justa causa para formular la acusación. . . ."

El artículo 72 del mismo Código dispone, en parte, que la acusación será firmada por el fiscal y que éste prestará un juramento en que certificará que la acusación está presentada tomando como base para ello la declaración jurada de testigos examinados por él y que cree "solemnemente que existe justa causa para presentar la acusación."

El apelante alega que las disposiciones citadas de los artículos 3 y 72 del Código de Enjuiciamiento Criminal son inconstitucionales, por ser contrarias al párrafo 3 de la Sección 10 del Artículo 2 (Carta de Derechos) de la Constitución del Estado Libre Asociado, que lee así:

"Sólo se expedirán mandamientos autorizando registros, allanamientos o arrestos por autoridad judicial, y ello únicamente cuando exista causa probable apoyada en juramento o afirmación, describiendo particularmente el lugar a registrarse, y las personas a detenerse o las cosas a ocuparse."

De acuerdo con sus propios términos, la disposición constitucional transcrita se refiere exclusivamente, en forma expresa, a registros, allanamientos y arrestos. Exige la intervención judicial previa, y la determinación anterior de un juez en cuanto a la existencia de causa probable, solamente en cuanto a esas tres categorías. No requiere la intervención previa de un juez en cuanto a la formulación y presentación de una acusación. Las acusaciones están fuera del ámbito específico de aplicación del párrafo 3 de la Sección 10 del Artículo 2 de nuestra Constitución. No existe conflicto expreso entre tal disposición y los artículos citados del Código de Enjuiciamiento Criminal.

Para que tenga éxito el ataque formulado por el apelante a la suficiencia constitucional de la acusación, debe demostrarse, claramente, que el requisito de la determinación previa de un juez en cuanto a la existencia de causa justa o probable es también aplicable a las acusaciones o denuncias con que se inicia un proceso criminal, y que la cláusula constitucional en cuestión es contraria, y destruye la validez y efectividad de los artículos ya mencionados del Código de Enjuiciamiento Criminal. No hemos encontrado justificación alguna para tal conclusión. En primer término, debemos adoptar una perspectiva general, como norma de interpretación. La existencia de conflictos entre una constitución y una disposición estatutaria debe ser demostrada con razonable claridad.

Ahora bien, no hemos encontrado nada en nuestra Constitución, ni en los informes, discusiones y debates incidentales a la aprobación de la misma, que den lugar a la conclusión de que las acusaciones y denuncias en procesos criminales estuviesen cubiertas por el párrafo 3 de la Sección 10 del Artículo 2 de la Constitución. Por el contrario, se le dió un énfasis pronunciado al propósito de evitar arrestos o encarcelaciones arbitrarios en virtud de una mera orden de un fiscal, sin la intervención de un juez. La preocupación primordial se refería a los arrestos injustificados y caprichosos, que no fuesen autorizados por un juez, previa una investigación preliminar. *Pueblo* v. *Tribunal Superior*, 75 D.P.R. 535. Pero no se demostró preocupación alguna en cuanto a la presentación de acusaciones o denuncias. Se consideró que una encarcelación, o sea, la privación de la libertad de una persona, debía estar sujeta a una fiscalización judicial previa, y debía pasar por el crisol de la objetividad judicial. Pero, probablemente, se pudo haber considerado que tales resguardos y prevenciones no eran necesarios en cuanto a la presentación de acusaciones o denuncias, ya que, aun de formularse ellas a base de la determinación unilateral de un fiscal, siempre existe la garantía del proceso judicial posterior, antes de que se prive de su libertad a un ciudadano. Naturalmente, la presentación en sí de una acusación injustificada puede afectar la dignidad y reputación de una persona. Pero ése no fué el mal que los autores de la Constitución quisieron evitar. El mal a ser evitado era el encarcelamiento arbitrario, antes de llevarse a cabo el proceso judicial.

En el caso ya citado de *Pueblo* v. *Tribunal Superior*, supra, resolvimos que un juez no está autorizado ni obligado a expedir automáticamente un mandato al secretario para el arresto de un acusado por el mero hecho de que se haya presentado contra éste una acusación, y que, aún después de haberse presentado una acusación, el juez únicamente puede expedir una orden de arresto después de haber determinado por sí propio

la existencia de causa probable. Se ha alegado que en la opinión que emitimos en el caso citado, después de hacer una reseña histórica de las funciones de un fiscal, indicamos que el efecto de nuestra Constitución fué el de privar a los fiscales de sus facultades como magistrado, y que, por lo tanto, una acusación no puede basarse en el criterio del fiscal, actuando como magistrado, al efecto que existe causa probable para la acusación. Lo que indicamos en el caso citado debe considerarse en el propio contexto de la opinión, o sea, que un fiscal no debe ser considerado como un magistrado a los fines de expedir órdenes de arresto. Al firmar y presentar acusaciones, un fiscal no actúa como magistrado.

El caso citado de *Pueblo* v. *Tribunal Superior*, no es antagónico a la tesis que adoptamos en esta opinión. Por el contrario, en la opinión dictada en ese caso se dice lo siguiente:

". . . . . La evidencia de causa probable de la comisión de un delito público será sometida por el fiscal al magistrado por medio de declaración jurada o afirmación que induzcan a éste a creer que el acusado ha cometido el delito que se le imputa, sin que para ello sea necesaria la celebración de una vista. *Cf. Guadalupe* v. *Bravo*, 71 D.P.R. 975. Empero, a pesar de carecer el fiscal al presente de autoridad para expedir órdenes de arresto o para fijar y aprobar fianzas, él continúa teniendo autoridad para radicar acusaciones si 'cree solemnemente que existe justa causa para formularlas'—Artículos 3, 72, 95 y 98 del Código de Enjuiciamiento Criminal—ya que la disposición constitucional que nos ocupa no tiene el efecto de restringir tal autoridad."

Concluímos que no fué la intención constitucional el hacer aplicables las disposiciones del párrafo 3 de la Sección 10 del Artículo 2 de la Constitución a la presentación de acusaciones o denuncias y que, por lo tanto, el procedimiento señalado en los artículos 3 y 72 del Código de Enjuiciamiento Criminal, según ese procedimiento ha sido impugnado en este caso, no es contrario a nuestra Constitución. No se cometió el primer error señalado.

En algunos de los errores señalados el apelante impugna la apreciación que de la prueba hizo el tribunal a quo,

e impugna además la suficiencia· de la prueba de cargo para conectar al acusado con la comisión del delito imputado. Hemos examinado detenidamente la transcripción de evidencia y no se cometió error alguno en la apreciación de la prueba. Esa prueba, creída por el tribunal de Arecibo, fué suficiente· para demostrar la comisión por el acusado del delito objeto· de la acusación.

▮ Tampoco incurrió en error el tribunal sentenciador al. negarse a suspender el caso y al ordenar la celebración de un. juicio por separado con respecto al apelante habiendo otro. acusado. Bajo las disposiciones del artículo 238 del Código· de Enjuiciamiento Criminal, según fué enmendado por la. Ley núm. 1 de 10 de noviembre de 1950 (Leyes de 1950–51,. pág.·311), el tribunal tenía discreción para ordenar un juicio· por separado. No incurrió en un abuso de discreción.

*Debe confirmarse la sentencia apelada.*