NICOLÁS REYES, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. BALDOMERO FREYRE, JUEZ, demandado.

*Número:* 2865. *Resuelto:* 24 de noviembre de 1961.

*Ángel Viera Martínez, Augusto Burgos Mundo* y *Raúl Torres González,* abogados del peticionario; *J. B. Fernández Badillo, Procurador General* y *Genoveva R. de Carrera, Procurador General Auxiliar,* abogados del demandado.

Sala integrada por el Juez Presidente, señor Negrón Fernández, y los Jueces Asociados señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

El peticionario, policía estatal, fue acusado junto con otro compañero del delito de soborno. Señalado el caso, el peticionario solicitó juicio por separado. El juez de instancia le negó la petición y recurrió ante nos mediante certiorari para revisar esa actuación.

La solicitud para que se le celebrara un juicio separado la funda en que el otro acusado prestó una confesión en la que hace referencia al peticionario como que recibió parte del dinero con que alegadamente se trató de sobornarlos. El fiscal se propone presentar en evidencia la referida confesión. Alega que siendo admisible la confesión en contra del otro acusado, y no siéndolo en su contra, por no haber tenido la

oportunidad de contrainterrogar al deponente, *Pueblo* v. *Casanova*, 77 D.P.R. 729 (1954), cuando se presente en el juicio, si se celebrara conjuntamente, le perjudicaría, afectando su derecho a obtener un juicio justo e imparcial, pues el jurado indudablemente tendría presente durante todo el proceso de la deliberación la alusión que a él se hace en la confesión.

El artículo 238 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 717, dispone que:

"Cuando dos o más reos hayan sido acusados conjuntamente de cualquier delito público deberán ser juzgados conjuntamente a menos que el tribunal ordenare juicio por separado..."

El juez de instancia al denegar la solicitud manifestó que lo hacía "por entender que hasta este momento la Jurisprudencia del Tribunal Supremo y de la mayoría de jurisdicciones en Estados Unidos ante una situación de esta naturaleza—instrucciones propias al Jurado, en el caso de que sea por Jurado—es de que esas manifestaciones pueden ser únicamente utilizadas contra la persona que las haga y no contra el coacusado. Quedan salvaguardados los intereses del acusado que no concurrió o no hizo dichas manifestaciones".

El Procurador, para sostener la resolución recurrida, afirma que la concesión de un juicio por separado es una cuestión discrecional del tribunal de instancia. Sostiene que la disposición estatutaria que arriba copiamos así lo establece, y que como en California, de donde proviene, fue enmendada en 1921 en los mismos términos que lo fue la nuestra en el 1950, es obligatoria para nosotros la interpretación que ha recibido en aquel estado. Y pasa entonces a apuntar, que en California se ha sostenido invariablemente que no abusa de su discreción una corte que deniega un juicio separado en las circunstancias del caso de autos.

Recientemente expresamos que la regla que invoca el Procurador no es tan inflexible que nos obligue a seguir

ciegamente lo resuelto por los tribunales de aquellas jurisdicciones de donde proceden nuestras disposiciones estatutarias. *Pueblo* v. *Matos*, 83 D.P.R. 335 (1961) y *Belaval* v. *Secretario de Hacienda*, 83 D.P.R. 251 (1961).

■ Pero es que aquí, en realidad, no estamos ante una cuestión de interpretación de estatutos. Lo que está envuelto es la forma de ejercer la discreción que la ley ha concedido a un juez para actuar. Y obviamente, en esta situación no nos consideramos obligados por la forma en que han ejercido los jueces esa discreción en California. Entendemos que es deber de los jueces de Puerto Rico usar esa discreción en la forma que mejor garantice un juicio justo e imparcial para todo acusado de delito público inspirados en los principios básicos de libertad y justicia que encarna nuestra Constitución y nuestra tradición democrática. Existen diferencias en la apreciación de lo que comprende un juicio justo. No debemos olvidar que en California se puede comentar el silencio del acusado cuando éste opta por no declarar en el juicio que se le celebra, Cal. Const. Art. I, sec. 13 y *Adamson* v. *California*, 332 U.S. 46 (1947) mientras en Puerto Rico todo comentario sobre el silencio del acusado está proscrito. Constitución de Puerto Rico, Art. II, sec. 11.

■ Expresamos en *Pueblo* v. *Meléndez*, 80 D.P.R. 787 (1958) a la página 788, escolio 2 que "[l]a concesión de un juicio por separado descansa en la sana discreción del tribunal —artículo 238 del Código de Enjuiciamiento Criminal (34 L.P.R.A. sec. 717), *Pueblo* v. *Muñiz*, 77 D.P.R. 851, 853 (1955); *Pueblo* v. *Ortiz*, 76 D.P.R. 257, 263 (1954); *Pueblo* v. *Clemente*, 35 D.P.R. 628 (1926); *Pueblo* v. *Arrocho*, 34 D.P.R. 847 (1926) confirmado en 16 F.2d 90, cert. denegado, 273 U.S. 760 (1926). No obstante, en varias jurisdicciones norteamericanas, e interpretando disposiciones similares a la nuestra, se ha impuesto al tribunal la obligación de ordenar un juicio por separado cuando se acusa conjuntamente a varias personas y una de ellas ha hecho admisiones o confe-

siones que afectan a las otras, a menos que el fiscal anuncie que no ofrecerá tales admisiones o confesiones como prueba. Otros tribunales de apelación se han negado a aceptar esa regla, adoptando el principio de que el tribunal puede aclarar la situación satisfactoriamente mediante instrucciones apropiadas al jurado."

En *Meléndez* apuntamos el problema. Ahora nos toca resolverlo. Desde el año 1663 se consideró que la solución estaba en admitir la confesión que incriminaba al acusado que la prestó, pero que debía instruirse al jurado en el sentido de que no tomara en consideración esa evidencia en contra del co-acusado que no había confesado y al que se aludía en la confesión. Bouchard, *Admission of Post-Conspiracy Confession at a Joint Trial*, 37 B.U.L. Rev. 258 (1957). Si bien esta norma es la que siguen la mayoría de las jurisdicciones, Anotación, *Right to Severance Where Codefendant has Incriminated Himself*, 54 A.L.R.2d 830 (1955), la misma ha sido fuertemente criticada por no considerársele realista y por entender que es humanamente imposible para el jurado olvidarse de la alusión que se hace en la confesión contra el otro acusado. A ese efecto véanse las opiniones disidentes en los siguientes casos. *Delli Paoli* v. *United States*, 352 U.S. 232, 246 (1957); *United States* v. *Paoli*, 229 F.2d 319, 322 (2do cir. 1956); *United States* v. *Grunewald*, 233 F.2d 556, 571 (2do cir. 1956) y los siguientes comentarios: Notas 43 Cornell L.Q. 128 (1957); 23 Brooklyn L. Rev. 314 (1957); 27 U. Cinc. L. Rev. 334 (1957); 10 Vand. L. Rev. 859 (1957); 37 B.U.L. Rev. 258 (1957); 25 Notre Dame Law 565 (1950); 56 Colum. L. Rev. 1112 (1956).

Es interesante apuntar que un estudio llevado a cabo por el Colegio de Derecho de la Universidad de Chicago tendió a demostrar lo que sostenían los críticos: que las instrucciones del juez que preside la vista, al efecto de que no deben tomar en consideración la parte de la confesión que incrimina al otro acusado no es suficiente garantía de que se le está celebrando un juicio justo, como lo requiere la Constitución, y

que las instrucciones sólo sirven para que el jurado tenga más en cuenta la prueba que se le indica no debe considerar. Nota 24 U. Chi. L. Rev. 710 (1957).(1)

Se ha sugerido también que se elimine de la confesión que se admite en evidencia toda referencia al co-acusado. 7 Wigmore § 2100 (3rd ed. 1940). Pero obviamente esta no es una solución adecuada, pues en la mayor parte de las veces de todo el contexto de la confesión surge claramente que la referencia omitida se relaciona con el acusado que no confesó. Se considera que de esa manera no se garantiza un juicio justo. *People* v. *Johnson*, 150 N.E. 2d 597 (Ill. 1958). Cf. *Pueblo* v. *Aponte González*, 83 D.P.R. 511 (1961).

*Delli Paoli* v. *United States*, 352 U.S. 232 (1957) es el último caso en que el Tribunal Supremo Federal ha considerado la cuestión que estudiamos. La mayoría—el tribunal se dividió 5 a 4 y a esta fecha dos magistrados de la mayoría han cesado en sus cargos—manifestó que de acuerdo con las circunstancias que prevalecían en dicho caso no constituyó error en contra del peticionario admitir la confesión del otro acusado en la que se le incriminaba. Las circunstancias eran las siguientes: (1) que los hechos eran tan sencillos que surgía claramente la parte que cada acusado tuvo en la conspiración; (2) que se estableció adecuadamente la participación individual y separada de cada uno de los participantes a través de todo el juicio; (3) que no se solicitó juicio por separado para ninguno de los acusados; (4) que se pospuso la presentación

---

(1) Así fue la prueba. Se seleccionaron treinta personas para que sirvieran de jurado. En diez de los casos que se sometieron, el demandado manifestó que no tenía póliza de seguro para cubrir el riesgo. En estos casos el promedio de la indemnización concedida fue de $33,000. En otros diez casos el demandado informó que estaba asegurado pero no se objetó y el promedio de las indemnizaciones fue de $37,000. En los restantes diez casos el demandado informó que tenía seguro pero se objetó esa manifestación y se instruyó a las personas que servían de jurado en el sentido de que no debían tener en cuenta el hecho de que el demandado tuviera una póliza que cubría el riesgo. En estos diez casos el promedio de las indemnizaciones concedidas fue de $46,000. Véase *United States* v. *Grunewald*, supra, opinión disidente.

de la confesión hasta que desfiló toda la prueba del gobierno, de suerte que fuera más fácil considerar esa evidencia separada de la que hasta entonces se había presentado, y después que se presentó la confesión ninguna de las partes ofreció más prueba; (5) que la confesión sólo corroboró lo que ya se había establecido por la prueba de cargo y (6) que no había nada en el expediente del caso que demostrara que el jurado pudo ser confundido o que no siguió las instrucciones claras y específicas que sobre la cuestión transmitió la corte. Y a pesar de lo apuntado cuatro jueces disintieron vigorosamente.

Con posterioridad a la opinión de *Delli Paoli* la Corte de Apelaciones para el 5to. Circuito en *Barton* v. *United States*, 263 F.2d 894 (1959) se expresó en la forma siguiente al revocar un caso en el que el coacusado que no había confesado solicitó juicio por separado con anterioridad al juicio, lo que le fue negado por la corte de distrito:

"El Gobierno descansa en el conocido principio de que de acuerdo con la regla 14, Reglas de Procedimiento Criminal, la corte de distrito tiene discreción para conceder o denegar juicios por separado, y que su resolución sólo es revisable en casos de abuso de discreción.

"Hemos transcrito la parte principal de la declaración de Barton en el escolio 2 supra, en la que se acusa a Mitchell de ser el instigador o de haber actuado conjuntamente con Barton en todas las etapas de los dos delitos que se le imputan. Sería imposible eliminar de la declaración la parte perjudicial a Mitchell y tal cosa no se intentó. La única protección que tenía Mitchell era las instrucciones de la corte al jurado, que repitió en varias ocasiones, al efecto de que la declaración no podía considerarse en contra de Mitchell. Teniendo en cuenta el contenido de la declaración prestada por Barton, dudamos que las instrucciones al jurado pudieron ser efectivas. Se hubiera requerido doce mentes mucho más perfectamente disciplinadas que las que tiene el jurado promedio.

"Si la admonición no fue efectiva, entonces a Mitchell se le privó del derecho constitucional de carearse con los testigos de cargo, pues no se le dio la oportunidad de contrainterrogar a

Barton sobre la veracidad de las acusaciones que le hizo en la declaración prestada.

"Unos pocos estados conceden el derecho a un juicio separado en casos criminales y bastantes estados tienen reglas liberales para conceder juicios por separados de tal suerte que se le garantice un juicio justo a cada uno de los acusados. Las cortes federales retienen el poder discrecional que le da la regla 14, Reglas de Procedimiento Criminal, transcrita en el escolio 3, supra, pero eso no obstante deben estar alertas para garantizarle a todo acusado un 'juicio completamente justo. Por las razones que adecuadamente expusimos en *Schaffer* v. *United States*, 5 Cir. 1955, 221 F.2d 17, 19, 54 A.L.R. 2d 820, resolvemos que la corte de distrito abusó de su discreción al negarle el apelante Mitchell un juicio por separado."

Véase, al mismo efecto los siguientes casos: *Schaeffer* v. *United States*, 221 F.2d 17, 54 A.L.R. 2d 820 (5to. cir. 1955); *United States* v. *Haupt*, 136 F.2d 661 (7mo. cir. 1943); *Hale* v. *United States*, 25 F.2d 430 (8vo. cir. 1928); *People* v. *Wargo*, 268 N.Y.S. 400 (1933); *State* v. *Desroche*, 17 So. 209 La. 1895); *Day* v. *State*, 76 A.2d 729 (Md. 1950); *State* v. *Bonner*, 23 S.E.2d 45 (N.C. 1942); *Stallard* v. *State*, 215 S.W. 2d 807 (Tenn. 1948).

De la nota que aparece en 43 Cornell L.Q., supra, a la página 134, copiamos:

"...El procedimiento criminal debe dirigirse al descubrimiento de la responsabilidad criminal donde ésta reside, además de proteger a los inocentes de convicciones ilegales. El propósito de las reglas de procedimiento y evidencia que establecen ciertos derechos para un acusado, es proteger a los inocentes y no proveer a los culpables con una ruta de escape. Sin embargo, debe tenerse en cuenta que si por existir una probabilidad de responsabilidad criminal seguimos ahora un procedimiento cuestionable para declarar culpable a un acusado, es posible que luego nos confrontemos con el precedente anterior para privar a un acusado inocente en una acción criminal de la protección a que tiene derecho. Los requisitos del debido procedimiento de ley quedan cumplidos al poner el destino de un acusado en las manos de un jurado presumiblemente consciente y debidamente instruido. Un acusado, empero, puede tener derecho a

mayor protección que la que le garantiza la Constitución. No debe permitirse que una evidencia extraña que resulte inadmisible en su contra, si es juzgado sólo, nuble el criterio de un jurado cuando se le juzga con otros. El tomar medidas para que el acusado que no confesó se le celebre un juicio por separado le daría al Gobierno toda oportunidad legítima para introducir la evidencia que posea, mientras que al mismo tiempo se protege al acusado de los efectos de una implicación por confesiones que éste no tiene la oportunidad de refutar mediante un contrainterrogatorio."

■ Considerado todo lo expuesto y como debe ser norma de todo tribunal el que la justicia tenga siempre precedencia sobre los precedentes nos parece que lo justo y razonable es celebrar juicios separados en aquellos casos en que uno de los acusados ha prestado una confesión que afecte adversamente al otro acusado. Así, debe ser norma de los tribunales de instancia examinar la declaración que intenta presentar el fiscal y determinar si la alusión que en ella se hace al otro acusado le afectaría adversamente y a la vez plantearse el siguiente problema ¿el juicio por separado le garantiza al acusado un juicio más justo e imparcial que si se le celebrara conjuntamente? Si la contestación es en la afirmativa la discreción deberá ejercitarse concediendo el juicio por separado. *People* v. *Clark*, 162 N.E.2d 413 (Ill. 1959); *People* v. *Sweetin*, 156 N.E. 354 (Ill. 1927); *State* v. *Hall*, 151 A.2d 1 (N.J. 1959); Nota, 10 Vand. L. Rev. supra; Levie, *Hearsay and Conspiracy*, 52 Mich.L.Rev. 1159, 1178 (1954); Nota 56 Colum. L. Rev., supra; Nota, 2 Vill. L. Rev. 131 (1956).

■ No por haberse expresado en innumerables ocasiones debe dejarse de repetir, que uno de los derechos más preciados que tiene el ciudadano en nuestra comunidad es que cuando se le acusa de delito se le juzgue en tales circunstancias que el proceso que se le celebre esté rodeado de todas la garantías que hacen posible un juicio justo.

■ No debe detenernos en nuestro empeño de garantizar una justicia completa el argumento que a veces se esgrime contra la norma que ahora adoptamos al efecto de que sería

más costoso para el Estado celebrar más de un juicio. Ante la disyuntiva de escoger entre una administración de justicia menos costosa o el derecho de un acusado a un juicio justo, la selección es obvia. La libertad y los derechos que ella conlleva no se determinan por consideraciones pecuniarias. Como dijo el Juez Lehman disintiendo en *People* v. *Fisher*, 164 N.E. 336, 339 (1928) donde estaba planteada la misma cuestión que aquí consideramos:

"Ni la consideración sobre lo que pueda costarle al Estado, ni los inconvenientes que puedan causarle a testigos y funcionarios públicos, ni aun la tardanza en castigar a un culpable, pueden justificar un procedimiento que resulte en un serio menoscabo de los derechos de un acusado a que un jurado juzgue imparcialmente el testimonio competente presentado en su contra.

. . . . . . . . .

Logramos mayor rapidez, economía y conveniencia en la administración de la justicia al precio de principios fundamentales de libertad constitucional. Ese precio es demasiado alto. Nuestro ideal es que la justicia sea rápida y segura. La justicia humana dista aún mucho de ese ideal; y algunas veces pienso que el celo adecuado por destruir tecnicismos y alcanzar una más eficiente administración de la justicia nos lleva a pasar por alto principios básicos y garantías fundamentales."

Examinadas las declaraciones juradas prestadas por el otro acusado en las que manifiesta que le entregó cierta cantidad de dinero al peticionario, con lo cual queda directamente conectado con el delito de soborno que se les imputa, y atendiendo a los principios que antes expusimos, claramente se servía mejor a la justicia ejerciendo la discreción que la ley confiere al juez, concediendo el juicio por separado que se solicitó.(²)

*Se revocará la resolución recurrida.*

---

(²) La Regla 91 de las Reglas de Procedimiento Criminal adoptadas por este Tribunal y remitidas a la Asamblea Legislativa en enero del corriente año establece:

"A solicitud de un coacusado el tribunal ordenará la celebración de un juicio por separado cuando se acusare a varias per onas y una de ellas hubiere hecho declaraciones, admisiones o confesiones pertinentes al caso

que afectaren adversamente a dicho coacusado, a menos que el fiscal anunciare que no ofrecerá tales declaraciones, admisiones o confesiones como prueba y que tampoco hará, en forma alguna, referencia a las mismas durante el juicio.

Esta Regla no será aplicable a juicios por el delito de conspiración."