El Juez Asociado Señor Rebollo López
emitió la opinión del Tribunal.
El 23 de febrero de 2006 el Tribunal de Primera Instan-cia, Sala Superior de Fajardo, determinó causa probable para arresto contra Bernadette Virkler por violación al Art. 109 del nuevo Código Penal(1) y al Art. 76 de la Ley para el Bienestar y la Protección Integral de la Niñez, Ley Núm. 177 de 1 de agosto de 2003 (8 L.P.R.A. sec. 450d).(2) Según *117 surge de la denuncia, se le imputó a Bernadette Virkler haber ocasionado negligentemente la muerte de su hijo, Peter Elias Virkler, al no proveerle la debida atención mé-dica a pesar de que era notable que éste respiraba con dificultad y que presentaba varios hematomas en su cuerpo.
El 11 de julio de 2006 el Tribunal de Primera Instancia celebró la correspondiente vista preliminar, en la cual se determinó causa probable para acusar a Virkler. Tras va-rios incidentes procesales, el Ministerio Público presentó contra ésta los pliegos acusatorios correspondientes por los delitos tipificados en los Arts. 109 y 76 antes mencionados. Según se deduce del expediente, igualmente se presentó una denuncia y acusación contra William Elias Rodríguez, padre del menor, por los mismos hechos y delitos. El tribunal de instancia señaló juicio para el 7 de noviembre de 2006, el cual se celebraría de forma conjunta contra Bernadette Virkler y William Elias Rodríguez. Previo a la ce-lebración del juicio, Virkler solicitó un juicio por separado en virtud de lo establecido en la Regla 91 de Procedimiento Criminal, 34 L.P.R.A. Ap. II.
Alegó que el Ministerio Público se propone presentar como evidencia varias manifestaciones hechas por William Elias Rodríguez a los testigos de cargo, que constituyen prueba de referencia inadmisible en su contra debido a que *118 en el juicio conjunto, William Elias Rodríguez —el coacu-sado y autor de dichas manifestaciones— no estará dispo-nible para ser interrogado sobre la existencia, veracidad y extensión de las manifestaciones que se le atribuyen. Adujo que dichas manifestaciones, aun cuando no son in-criminatorias, le afectan adversamente y que su presenta-ción en juicio viola su derecho constitucional a confrontar la prueba que se presenta en su contra.
Por su parte, el Estado presentó una oportuna oposición a la moción de juicio por separado presentada por Bernadette Virkler. Adujo, en síntesis, que las Reglas 91 y 92 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, se refieren a una situación especial como fundamento para la separa-ción de juicios, a saber: cuando uno de los acusados ha hecho declaraciones que incriminan al otro coacusado, por lo cual surge el problema de que esas declaraciones po-drían resultar inadmisibles contra el coacusado en un jui-cio conjunto, y que unas instrucciones del tribunal al Ju-rado podrían resultar insuficientes. Señaló que en este caso no está presente la situación de declaraciones de un acusado que incriminen al otro acusado, por lo cual resul-tan inaplicables las Reglas 91 y 92 de Procedimiento Criminal, ante, en cuestión. De igual forma, alegó que la se-paración solicitada tampoco procede bajo el criterio general de perjuicio establecido en la Regla 90 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, porque el perjuicio aducido por Virkler —entiéndase, que las manifestaciones de Elias son prueba de referencia inadmisible en su contra— es insuficiente. Al respecto el Ministerio Público sostuvo que las manifestaciones atribuidas a Elias no cualifican como prueba de referencia debido a que no se traen para probar la veracidad de lo aseverado ni constituyen prueba de re-ferencia independientemente admisible contra Bernadette Virkler.
*119 Trabada así la controversia, el 30 de octubre de 2006 el tribunal de instancia emitió una resolución en la cual de-claró “no ha lugar” la solicitud de juicio por separado por el fundamento de que las alegadas expresiones de William Elias Rodríguez no son incriminatorias en relación con la coacusada Virkler. En dicha resolución expresó, además, que “[e]n su deber de evitar perjuicio a cualquiera de las partes, ... tomará las medidas necesarias de surgir el mismo en cualquier momento de los procedimientos”. Apéndice, pág. 39.
Bernadette Virkler acudió de dicha determinación —mediante un recurso de certiorari— al Tribunal de Apelaciones. El foro apelativo intermedio denegó la expedi-ción del recurso señalando, en síntesis, que la coacusada Virkler no tiene derecho a que su juicio se separe del de William Elias Rodríguez, pues las manifestaciones de este último no la incriminan y no ha presentado prueba sobre el perjuicio que sufriría de continuar los juicios consolidados.
Inconforme, Bernadette Virkler acudió —mediante un recurso de certiorari y en auxilio de jurisdicción— ante este Tribunal. Aduce que procede revocar la resolución emitida por el tribunal apelativo intermedio debido a que éste incidió
... al confirmar al Tribunal de Primera Instancia al declarar sin lugar la solicitud de separación de juicios de la peticionaria cuando, como en este caso, el Fiscal se propone ofrecer como prueba varias declaraciones del coacusado, pues ello es contra-rio a los derechos constitucionales a confrontar el testimonio adverso y al debido proceso de ley, y a sus salvaguardas esta-tutarias en las Reglas 91 y 90 de Procedimiento Criminal. Pe-tición de certiorari, pág. 4.
El 28 de febrero de 2007 expedimos el recurso y, en auxi-lio de nuestra jurisdicción, paralizamos los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de Fajardo. Contando con la comparecencia de las partes, y estando en posición de resolver, procedemos a hacerlo.
*120 I
Conforme al trasfondo fáctico antes expuesto, nos co-rresponde resolver las controversias siguientes:
1. ¿Procede el juicio por separado en virtud de la citada Regla 91 de Procedimiento Criminal ante las manifestacio-nes atribuidas a un coacusado que no incriminan ni incul-pan al acusado que solicita la separación?
2. De no proceder la separación de juicio al amparo de la Regla 91 de Procedimiento Criminal, ante, ¿se dan en el presente caso las circunstancias necesarias para justificar una separación de juicio en virtud del criterio general de perjuicio establecido en la Regla 90 de Procedimiento Criminal, ante?
II
La Regla 91 de Procedimiento Criminal, ante, dis-pone, en lo pertinente, que
[a] solicitud de un coacusado el tribunal ordenará la celebra-ción de un juicio por separado cuando se acusare a varias per-sonas y una de ellas hubiere hecho declaraciones, admisiones o confesiones pertinentes al caso que afectaren adversamente a dicho coacusado, a menos que el fiscal anunciare que no ofre-cerá tales declaraciones, admisiones o confesiones como prueba y que tampoco hará^ en forma alguna, referencia a las mismas durante el juicio. (Enfasis suplido.)
La separación compulsoria contemplada en la Regla 91 de Procedimiento Criminal, ante, tiene como fundamento principal el derecho constitucional de todo acusado a confrontar la prueba que se presenta en su contra, pues, de ordinario, la presentación en evidencia de las declaraciones incriminatorias de “A”, que afectan adversamente al coacusado “B”, implica una violación potencial al derecho a confrontación de “B” y constituyen prueba de referencia en su contra, habida cuenta de que “A” no estará disponible para ser contrainterrogado por su derecho constitucional a *121 no declarar. Véase E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1993, Vol. III, pág. 207.(3)
En Estados Unidos se ha discutido ampliamente la pro-tección y extensión del derecho constitucional a la confron-tación, en relación con la separación de juicios y la admi-sión en evidencia de declaraciones o manifestaciones de un coacusado en un juicio conjunto.(4) El caso normativo original lo es Bruton v. United States, 391 U.S. 123 (1968), en el cual el Tribunal Supremo federal determinó que se viola el derecho constitucional a la confrontación cuando en un jui-cio conjunto se admite en evidencia la declaración de un coacusado que incrimina o implica al otro acusado como participante en el crimen, independientemente de que se le instruya al Jurado que la declaración no puede ser utili-zada para determinar la culpabilidad del acusado que no hizo la declaración.(5) En dicho caso, el Tribunal Supremo de Estados Unidos expresó que:
... there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side by side with the defendant, are deliberately spread before the jury in a joint trial. Not only are the *122 incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others. The unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed. (Escolios omitidos y énfasis nuestro.) Id., págs. 135-136.
Posteriormente, en Richardson v. Marsh, 481 U.S. 200 (1987), el Tribunal Supremo federal delimitó el alcance de sus expresiones en Bruton v. United States, ante. Resolvió que no se viola el derecho constitucional a la confrontación cuando, con la debida instrucción limitativa, se admite en evidencia la confesión de un coacusado redactada de tal forma que elimina el nombre del otro acusado y cualquier referencia a la existencia de éste.(6) Por su pertinencia, es-bozamos a continuación las expresiones en el referido caso del Tribunal Supremo federal:
In Bruton ... [w]e held that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant. ...
There is an important distinction between this case and Bruton, which causes it to fall outside the narrow exception we have created. In Bruton, the codefendant’s confession “expressly implicated] the defendant as his accomplice. Thus, at the time that confession was introduced there was not the slightest doubt that it would prove powerfully incriminating.” By contrast, in this case the confession was not incriminating on its face, and became so only when linked with evidence introduced later at trial ....
One might say, of course, that a certain way of assuring compliance would be to try defendants separately whenever an in *123 criminating statement of one of them is sought to be used. That is not as facile or as just a remedy as might seem. Joint trials play a vital role in the criminal justice system, accounting for almost one-third of federal criminal trials in the last five years. ...It would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution’s case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability — advantages which sometimes operate to the defendant’s benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. The other way of assuring compliance with an expansive Bruton rule would be to forgo use of codefendant confessions. That price also is too high, since confessions “are more than merely desirable, they are essential to society’s compelling interest in finding, convicting, and punishing those who violate the law.” The rule that juries are presumed to follow their instructions is a pragmatic one, rooted less in the absolute certitude that the presumption is true than in the belief that it represents a reasonable practical accommodation of the interests of the state and the defendant in the criminal justice process. On the precise facts of Bruton, involving a facially incriminating confession, we found that accommodation inadequate. As our discussion above shows, the calculus changes when confessions that do not name the defendant are at issue. While we continue to apply Bruton where we have found that its rationale validly applies, we decline to extend it further. We hold that the Confrontation Clause is not violated by the admission of a nontestifying codefendant’s confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant’s name, but any reference to his or her existence. (Citas y escolios omitidos, y énfasis nuestro.) Richardson v. Marsh, ante, págs. 207-211.
Luego de resuelto Richardson v. Marsh, ante, el análisis se enfoca en determinar si la declaración en cuestión incri-mina al coacusado y a cuál grado. “Only those statements by a nontestifying defendant that directly incriminate a *124 codefendant will generally give rise to a constitutional violation. Depending on the level of implication, instructions to the jury to avoid inferring any link between code-fendants redacted statement and the defendant may adequately protect the defendant’s Sixth Amendment rights.” 25 Moore’s Federal Practice 3rd Cap. 614, Sec. 614.06 (2007). Véase, además, 1A Wright, Federal Practice and Procedure Sec. 224 (1999) (“There is no Bruton violation if the confession of one defendant does not refer to the other defendant ...”).
Bajo un análisis similar al utilizado por el Tribunal Supremo federal en Richardson v. Marsh, ante, varios tribu-nales de circuito federales han resuelto que no se configura una violación al derecho constitucional a la confrontación y, por ende, no se justifica una separación de juicios cuando la manifestación o declaración del coacusado no implica o incrimina de su faz, o directamente, al otro acusado y se brindan las debidas instrucciones limitativas al Jurado. Véanse: U.S. v. Fong Chen, 393 F.3d 139 (2do Cir. 2004); U.S. v. Williamson, 339 F.3d 1295 (7mo Cir. 2003); U.S. v. Hernandez, 330 F.3d 964 (7mo Cir. 2003); U.S. v. Rahsepa-rian, 231 F.3d 1267 (10mo Cir. 2000); U.S. v. Lage, 183 F.3d 374 (5to Cir. 1999); US. v. Mann, 161 F.3d 840 (5to Cir. 1998); U.S. v. Moore, 149 F.3d 773 (8vo Cir. 1998); U.S. v. Cobleigh, 75 F.3d 242 (6to Cir. 1996); U.S. v. Olano, 62 F.3d 1180 (9no Cir. 1995); United States v. Di Gregorio, 605 F.2d 1184 (1er Cir. 1979); United States v. Hicks, 524 F.2d 1001 (5to Cir. 1975).
Aun cuando nuestra Constitución es de factura más ancha, no encontramos razón de envergadura que justifique apartarnos de la normativa antes esbozada. En un efectivo balance entre el derecho a la confrontación y los intereses que se protegen mediante la celebración de juicios consolidados —entre éstos, intereses sociales y de efectiva, justa, rápida y económica administración de la justicia— consideramos que la separación compulsoria *125 establecida en la Regla 91 de Procedimiento Criminal, ante, procede únicamente cuando las declaraciones, admi-siones o confesiones de un coacusado incriminan directa-mente al coacusado que solicita la separación; situación que, realmente, impide que el perjuicio causado sea sal-vado por una efectiva instrucción del tribunal al Jurado.
Ciertamente, ante manifestaciones que en nada incriminarían al acusado que solicita la separación, o cuando el perjuicio que pudiera causarse es mínimo, el balance de intereses se inclina a favor de la celebración de juicios consolidados, pues, según expusimos en Pueblo v. Maya Pérez, 99 D.P.R. 823, 825-826 (1971):
... [L]a celebración conjunta de varios casos contra distintos acusados, tiene el propósito de acelerar la administración de la justicia. ...
... [C]elebrar conjuntamente la vista de varias acusaciones contra distintas personas, es beneficioso para la sociedad que reclama una justicia rápida, pero puede, por otro lado, aca-rrearles peijuicios a los acusados. Si el perjuicio es mínimo, debe ceder ante el beneficio que representa la vista conjunta .... (Citas omitidas y énfasis nuestro.)
Coincidimos con el profesor Chiesa en cuanto a que
... existe un innegable interés social en la acumulación de cau-sas y la celebración de un solo juicio. La duplicación de juicios, en relación con actos delictivos que se originan en unos mis-mos hechos, acarrea serias inconveniencias, al gobierno y a las personas afectadas. Así, habrá que citar a los mismos testigos a que comparezcan a las distintas vistas que haya que cele-brar, se utilizarán mayores recursos judiciales, se incurrirá en mayores gastos, habrá que seleccionar un jurado distinto para cada juicio, etc. Chiesa Aponte, op. cit., pág. 187.
Resulta pertinente señalar que en el pasado, aun cuando no habíamos abordado frontalmente la situación, en varias ocasiones intimamos el resultado al cual hoy llegamos. En Pueblo v. Echevarría Rodríguez I, 128 D.P.R. 299, 323 (1991), nos enfrentamos a un señalamiento de *126 violación al derecho a confrontación por no haberse conce-dido un juicio por separado, a pesar de que se admitieron en evidencia manifestaciones de un coacusado que implica-ban a la acusada Lydia Echevarría. Allí, aunque no nos vimos en la necesidad de expresarnos sobre la norma esta-blecida en Bruton v. United States, ante, y su progenie —debido a que las manifestaciones fueron hechas durante la vigencia de una conspiración— expresamos que Bruton v. United States, ante, era el caso normativo en cuanto a la inadmisibilidad de una declaración de un coautor que in-crimina al otro en base al derecho constitucional a la confrontación.
Por otro lado, en Pueblo v. Meliá León, 143 D.P.R. 708, 730 (1997), y citando con aprobación al profesor Chiesa, señalamos que el efecto práctico de la Regla 91 en cuestión es establecer una separación compulsoria únicamente cuando un coacusado hubiera hecho declaraciones incrimi-natorias que afecten inevitablemente al coacusado que so-licita la separación.
Incluso, ya en Reyes v. Tribunal Superior, 84 D.P.R. 29 (1961), caso en el cual resolvimos conforme al contenido de la Regla 91 de Procedimiento Criminal, ante —la cual ha-bía sido recién adoptada por este Tribunal y remitida a la Asamblea Legislativa— intimamos que la declaración, con-fesión o admisión del coacusado debe hacer referencia al acusado que solicita la separación. Expusimos entonces que “debe ser norma de los tribunales de instancia exami-nar la declaración [del coacusado] que intenta presentar el fiscal y determinar si la alusión que en ella se hace al otro acusado le afectaría adversamente”. (Enfasis nuestro.) Reyes v. Tribunal Superior, ante, pág. 37.
En fin, resolvemos que las declaraciones, admisiones o confesiones que justifican un juicio por separado, al amparo de la referida Regla 91 de Procedimiento Criminal, son aquellas que incriminan directamente al acusado que solicita la separación; situación que, repetimos, es tan per-judicial que, en realidad, no puede ser “salvada” por una *127 instrucción al Jurado. Resolver lo contrario sería brindarle a la Regla 91 un efecto excesivamente amplio y abarcador ante circunstancias que, conforme al desarrollo doctrinal, no configuran una violación al derecho a confrontación.
i — I HH WH
En el caso hoy ante nuestra consideración, no existe controversia respecto a que las manifestaciones de William Elias Rodríguez no incriminan o inculpan a Bernadette Virkler. Aun cuando no tenemos a nuestra disposición las distintas manifestaciones que se le atribuyen a Elias Ro-dríguez, de la resolución emitida por el Tribunal de Pri-mera Instancia y de los escritos presentados por las partes surge que las manifestaciones en cuestión fueron hechas por William Elias Rodríguez a médicos y paramédicos en relación con la alegada condición física del menor previo a su muerte. Éstas no mencionan ni involucran en grado al-guno a Bernadette Virkler. En consecuencia, las manifesta-ciones de Elias Rodríguez no constituyen justificación sufi-ciente para ordenar una separación de juicio en virtud de la Regla 91 de Procedimiento Criminal, ante.
En todo caso —según se expusiera en Richardson v. Marsh, ante— cualquier alegación de violación al derecho a confrontación de Bernadette Virkler podría subsanarse mediante las debidas instrucciones al Jurado respecto a que las manifestaciones de William Elias Rodríguez no son admisibles contra ésta. Ello, claro está, si dichas manifes-taciones no son independientemente admisibles contra Vir-kler bajo la normativa prevaleciente que regula la prueba de referencia.
IV
Por último, nos corresponde determinar si procede orde-nar la separación del juicio bajo el criterio general de per- *128 juicio establecido en la Regla 90 de Procedimiento Criminal, ante.
La Regla 90 de Procedimiento Criminal, ante, dis-pone que
Mi se demostrare que un acusado o El Pueblo han de per-judicarse por haberse unido varios delitos o acusados en una acusación o denuncia, o por la celebración del juicio conjunta-mente, el tribunal podrá ordenar el juicio por separado de de-litos o de acusados, o conceder cualquier otro remedio que en justicia proceda.
Mediante esta disposición reglamentaria, “el acusado que solicita la separación puede invocar cualquier poten-cial de perjuicio significativo que engendra la consolida-ción, pero que se desvanece o se reduce marcadamente con la separación”. (Énfasis nuestro.) Chiesa Aponte, op. cit., pág. 215.
En el presente caso, Bernadette Virkler basa su alega-ción de perjuicio, principalmente, en que las manifestacio-nes de William Elias Rodríguez son prueba de referencia inadmisible en su contra y que en un juicio conjunto no podrá llamar como testigo a Elias Rodríguez para que tes-tifique sobre la existencia, veracidad y extensión de las manifestaciones que se le atribuyen. Por su parte, el Es-tado sostiene que el perjuicio aducido por Virkler es espe-culativo debido a que presume que las declaraciones de Elias son prueba de referencia porque se traen para probar la verdad de lo aseverado o que son prueba de referencia inadmisible en su contra.(7) Le asiste la razón al Ministerio Público.
*129 La existencia o no del perjuicio aducido por Bernadette Virkler depende de que, en efecto, las manifestaciones de William Elias Rodríguez constituyan prueba de referencia porque se traen para probar la veracidad de lo aseverado y que, a su vez, sean inadmisibles en su contra conforme a la normativa prevaleciente sobre prueba de referencia. No es-tamos en posición de resolver dichos asuntos, pues su re-solución y la determinación de si con ello se cumple el grado de perjuicio requerido al amparo de la Regla 90 de Procedimiento Criminal, ante, le corresponde en su debido momento al tribunal de instancia. De lo contrario, estaría-mos resolviendo un asunto que aún no ha sido atendido en su fondo por el tribunal de instancia y sin el beneficio del contenido específico de cada una de las manifestaciones que se le atribuyen a William Elias Rodríguez.
Incluso, el que existan manifestaciones de William Elias Rodríguez que constituyan prueba de referencia, inadmisi-bles contra Bernadette Virkler, no necesariamente justifica la separación del juicio si el tribunal de instancia deter-mina que el perjuicio que pueda provocarse se subsana me-diante una instrucción limitativa al Jurado, según estable-cido en Richardson v. Marsh, ante, o si el Estado se allana a no presentar las manifestaciones inadmisibles contra Bernadette Virkler.
Por consiguiente, procede devolver el caso al Tribunal de Primera Instancia para que dilucide si las manifestaciones de William Elias Rodríguez son prueba de referencia inad-misible contra Bernadette Virkler y si, de serlas, su admi-sión enjuicio conjunto —aun mediando instrucciones limi-tativas al Jurado— configura un grado de perjuicio significativo que justifique la separación de un juicio con-forme a la Regla 90 de Procedimiento Criminal, ante.(8)
*130 V
En mérito de lo antes expuesto, procede confirmar los dictámenes recurridos y devolver el caso al Tribunal de Pri-mera Instancia para la continuación de los procedimientos conforme a lo aquí expresado y resuelto.

Se dictará sentencia de conformidad.

El Juez Presidente Señor Hernández Denton concurrió con el resultado sin opinión escrita.

 El Art. 109 del nuevo Código Penal, 33 L.P.R.A. see. 4737, tipifica el delito de homicidio negligente y dispone, en lo pertinente, que “[t]oda persona que ocasione la muerte a otra por negligencia incurrirá en delito menos grave, pero se le impondrá la pena de delito grave de cuarto grado”.

 Dicha sección establece que “[t]odo padre, madre o persona responsable por el bienestar de un menor que por acción u omisión cause daño o ponga en riesgo a un menor de sufrir daño a su salud e integridad física, mental o emocional, será sancio-nada con pena de reclusión por un término fijo de dos (2) años o multa que no será *117 menor de cinco mil (5,000) dólares ni mayor de ocho mil (8,000) dólares, o ambas penas a discreción del tribunal.
“De mediar circunstancias agravantes la pena fija establecida podrá ser aumen-tada hasta un máximo de tres (3) años; de mediar circunstancias atenuantes, la pena podrá ser reducida hasta un mínimo de un año. La negligencia a que se refiere la presente sección puede configurarse en conducta repetitiva o en un incidente aislado u omisión imprudente que se incurra sin observarse el cuidado debido y que cause una lesión física, mental o emocional, o coloque en riesgo sustancial de muerte, a un menor.
“Cuando la conducta tipificada en el párrafo anterior se produzca mediante un patrón de conducta negligente que cause daño o ponga en riesgo a un menor de sufrir daño a su salud e integridad física, mental o emocional, será sancionada con pena de reclusión por un término fijo de cuatro (4) años o multa que no será menor de ocho mil (8,000) dólares ni mayor de diez mil (10,000) dólares, o ambas penas a discreción del tribunal. De mediar circunstancias agravantes la pena fija establecida podrá ser aumentada hasta un máximo de seis (6) años; de mediar circunstancias atenuantes, la pena podrá ser reducida hasta un mínimo de dos (2) años.” 8 L.P.R.A. sec. 450d.

 La Sec. 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, ed. 1999, pág. 327, reconoce el derecho de todo acusado a la confrontación y establece, en lo pertinente, que “[e]n todos los procesos criminales, el acusado disfrutará del derecho ... a carearse con los testigos de cargo”. La Constitu-ción de Estados Unidos reconoce este mismo derecho en su Enmienda Sexta.

 En el ámbito federal, la separación de juicios se encuentra regulada en la Regla 14 de Procedimiento Criminal Federal, 18 U.S.C.A. Rule 14, la cual establece: “(a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendant’s trials, or provide any other relief that justice requires, (b) Defendant’s Statements. Before ruling on a defendant’s motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant’s statement that the government intends to use as evidence.”

 Véase, además, Lee v. Illinois, 476 U.S. 530 (1986).

 Posteriormente, en Gray v. Maryland, 523 U.S. 185 (1998), el Tribunal Supremo federal resolvió que no es aceptable reemplazar el nombre del acusado con un espacio en blanco o con la palabra “deleted”.

 Del expediente surge que el Ministerio Público aduce que las manifestacio-nes de William Elias Rodríguez no son prueba de referencia debido a que no se traen para probar la veracidad de lo aseverado, sino para probar que lo manifestado es falso con los fines de demostrar un designio común entre los coacusados de encubrir lo que realmente ocurrió en el hogar. Sostiene que lo que ocurrió con el niño no se va a probar con dichas manifestaciones, sino con evidencia científica independiente. En la alternativa, alega que las manifestaciones constituyen prueba de referencia admi-sible de forma independiente contra Bernadette Virkler, aun en un juicio separado.

 Bernadette Virkler también alega que la celebración conjunta del juicio le provocará perjuicio debido a que se generaría un espectáculo frente al Jurado, lo cual impediría una más completa asistencia de abogado. Ello tampoco nos corresponde resolverlo debido a que no se alegó dicho perjuicio ante el Tribunal de Primera Instancia. Cualquier determinación al respecto le corresponde al foro de instancia.